IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GUADALUPE ARREDONDO,

    Plaintiff,                    No. CIV S-07-0205 FCD GGH P

    vs.

DERRICK MARTIN, et al.,

    Defendants.             ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On February 28, 2007, the court dismissed the complaint with leave to amend. On March 19, 2007, plaintiff filed pages 3 and 4 of the amended complaint. On March 20, 2007, plaintiff filed pages 1 and 2 of the amended complaint. For the following reasons, the amended complaint is dismissed with leave to file a second amended complaint.

        In the original complaint, plaintiff alleged that he suffered from mental illness. Plaintiff alleged that he was mentally incompetent when he pled guilty and during sentencing as a result of this mental illness. As relief, plaintiff sought money damages and dismissal of the criminal charges. The court dismissed the complaint with leave to amend pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994)(a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has

1

1 been invalidated, expunged or reversed).  The court also advised plaintiff that it could not order
2 the dismissal of a criminal conviction as relief in a civil rights action.

3       Named as defendants in the amended complaint are Superior Court Judge
4 Baysinger, District Attorney Janet Smith, Public Defenders Tim Garrigan and James Burlington,
5 and Parole Officer Marten.  Plaintiff alleges that these defendants denied him treatment and
6 medication for his mental illness.  As relief, plaintiff states that he is not seeking the dismissal of
7 his criminal conviction.  Plaintiff alleges that he is seeking injunctive relief and money damages
8 as relief.

9       Because plaintiff is now incarcerated in state prison, it does not appear that he can
10 obtain injunctive relief from any of the named defendants.  Turning to his damages claim,
11 plaintiff does not specifically describe how each defendant denied him treatment for his mental
12 illness.  Without this information, the court cannot determine whether plaintiff has stated a
13 colorable claim for relief against any defendant.  On this ground, the amended complaint is
14 dismissed with leave to file a second amended complaint.

15       Plaintiff is informed that judges are immune for damages claims but for actions
16 taken in the clear absence of all jurisdiction or when they commit a non-judicial act.  Stump v.
17 Sparkman, 435 U.S. 349, 357, 360, 98 S.Ct. 1099 (1978).  Prosecutors are immune for conduct
18 that is "intimately associated with the judicial phase of the criminal process." Imbler v.
19 Pachtman, 424 U.S. 409, 430 (1976).  Public defenders, when appointed to represent an indigent
20 defendant in a traditional adversarial role, are not state actors and therefore are not proper parties
21 to a § 1983 action.  Miranda v. Clark Cty. Nevada, 319 F.3d 465, 468 (9th Cir. 2003(en banc).
22 Finally, parole officers are immune for the adjudication of parole decisions and actions integral
23 to those decisions.  Swift v. California, 384 F.3d 1184, 1189 (9th Cir. 2004).
24 /////
25 /////
26 /////

1  Accordingly, IT IS HEREBY ORDERED that plaintiff's amended complaint is
2  dismissed with thirty days to file a second amended complaint.
3  DATED: 4/4/07

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

arr205.ame